# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEREK STEWART,

    Plaintiff,

v.

ELITE IMAGING,

    Defendants.

Case No. 3:18-cv-02039-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Pro se plaintiff Derek Stewart has filed this case against Elite Imaging, which—according to the complaint—runs a facility in Swansea, Illinois. Stewart says that both he and Elite Imaging are citizens of Illinois for the purposes of diversity jurisdiction—and Stewart's claim itself is rooted in what Stewart says are inaccurate MRI results, pain, suffering, and other medical issues, which seems akin to medical malpractice or some other state-law claim. (*See generally* ECF No. 2.) He now asks the Court for leave to proceed *in forma pauperis,* to appoint him counsel, and to order service of process at the Government's expense. (ECF Nos. 3, 4, 5.)

The problem for Stewart is two-fold. First, this Court has an independent obligation to determine whether subject-matter jurisdiction exists, *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), and Stewart has pled himself out of federal court on jurisdictional grounds. Specifically, Stewart appears to be bringing an action under state law, and according to him, both he and the defendant and citizens of Illinois—meaning that this case should be in state court, not federal court. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009); 28 U.S.C. § 1332(a)(1).

Second, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) permits the Court to dismiss a case from a qualified, indigent plaintiff if the action is clearly frivolous or fails to state a claim. The test for

determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

     Here, even though Stewart is indigent, his complaint simply fails to suggest that he has a right to relief above a speculative level as required by the federal pleading standards. On one page, Stewart says that the basis of his claim is "labor/management relations," but other pages refer to inaccurate MRI results, delayed surgeries, pain, sleepless nights, and billing issues. (ECF No. 2.) There is no plausible or even discernable claim for relief here pursuant to *Twombly*.

     Accordingly, the Court **DENIES** all of Stewart's pending motions (ECF Nos. 3, 4, 5), **DISMISSES** Stewart's claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: NOVEMBER 20, 2018**

                                              *s/ J. Phil Gilbert*
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**